IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| TIMOTHY CRAIG HAITHCOX, | CV 16-00059-H-DLC-JTJ |
|---|---|
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| LEO DUTTON, ERIC GILBERTSON, ALAN HUGHES, DAN O'MALLEY, WILLIAM PANUS, and ARLEEN HIBBARD, | |
| Defendants. | |

Plaintiff Timothy Haithcox, a pretrial detainee proceeding in forma pauperis and without counsel, filed a Complaint alleging Defendants violated his constitutional rights by failing to preserve evidence in his criminal case. As the criminal charges against Mr. Haithcox are ongoing, the Court must abstain from exercising jurisdiction over Mr. Haithcox's claims. Mr. Haithcox's claims for monetary damages will be stayed pending the resolution of his criminal charges. All claims for injunctive relief should be dismissed. Mr. Haithcox's Motion to Amend (Doc. 4) and Emergency Motion to be Heard (Doc. 7) will be denied.

1

## I. STATEMENT OF CASE

### A. Parties

Mr. Haithcox is a pretrial detainee incarcerated in the Lewis and Clark Detention Facility. He names the following Defendants: Sheriff Leo Dutton, Captain Eric Gilbertson, Sgt. Alan Hughes, Detective Dan O'Malley, Detective William Pandos, and Arleen Hibbard. (Complaint, Doc. 2 at 5-6.)

### B. Allegations

Mr. Haithcox alleges Arleen Hibbard dropped off a backpack to Detective Dan O'Malley which contained dangerous drugs from an active crime scene. Det. O'Malley never got a warrant for the backpack and placed it into evidence without following the chain of command. He did not log the contents of the backpack into evidence. Det. O'Malley then had Det. William Panos call Mr. Haithcox's girlfriend, Lisa Hampa, to have her come get the backpack. (Complaint, Doc. 2 at 7.)

On April 24, 2016, Sgt. Alan Hughes told Mr. Haithcox to release the backpack from evidence to Lisa Hampa. Mr. Haithcox refused and told Sgt. Hughes that he needed a warrant. Sgt. Hughes then took the backpack to the parking lot and put it in Lisa Hampa's back seat, thus giving the evidence away. (Complaint, Doc. 2 at 7.)

Mr. Haithcox alleges Captain Gilbertson and Sheriff Dutton failed to investigate properly and the Sheriff's Department has no internal affairs department. (Complaint, Doc. 2 at 7.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

As Mr. Haithcox is a prisoner proceeding in forma pauperis, the Court must screen his Complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions there of before it is served upon the defendants if it finds that the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* It must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555 (*quoting*

*Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson*, 551 U.S. at 94; *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B. Analysis

Mr. Haithcox complains about the preservation of evidence in his criminal case. Because he complains of issues relating to an ongoing criminal case, the Court must abstain from deciding Mr. Haithcox's claims.

#### 1. Younger v. Harris

Challenges to ongoing criminal proceedings are barred by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing

4

*Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998) (noting that the district and appellate courts can raise the issue sua sponte).

A federal court must abstain under *Younger* if four requirements are met: (1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc); *AmerisourceBergen Corp. v. Roden* ("ABC"), 495 F.3d 1143, 1149 (9th Cir. 2007).

All the elements of *Younger* abstention appear to be met in this case. First, based upon Mr. Haithcox's pleadings, it appears that there are ongoing state criminal proceedings. Second, these proceedings revolve around important state

5

interests to enforce the local and state laws.  *See Younger*, 401 U.S. at 43-44.  The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana.  This Court may not interfere with those interests when the prosecutorial process is ongoing.  Third, Mr. Haithcox has an adequate opportunity in the state district court to raise federal questions and concerns that affect his constitutional rights.  Mr. Haithcox has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title 46, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of his constitutional rights relative to his prosecution.  Fourth, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves.  Any decisions regarding the preservation of evidence in Mr. Haithcox's underlying criminal proceedings interfere with and/or could potentially imply the invalidity of any future conviction.  Accordingly, all four prongs of the *Younger* test have been satisfied and the Court must abstain from adjudicating Mr. Haithcox's claims under *Younger v. Harris*, 401 U.S. 37 (1971).

*Younger* abstention applies differently to claims for monetary damages than it does to claims for injunctive and declaratory relief.  Where injunctive and declaratory relief is sought, a dismissal of those claims is appropriate.  *Gilbertson*,

6

381 F.3d at 981. But, where monetary damages are sought, the federal court should stay the matter under *Younger* rather than dismiss those claims until after the state court proceedings are no longer pending. *Gilbertson,* 381 F.3d at 981-982; s*ee also Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689-690 (9th Cir. 2009). Thus, under *Younger*, claims for injunctive and declaratory relief should be dismissed without prejudice, and the remainder of the action seeking monetary damages should be stayed pending resolution of the state court proceedings. *Lampley v. Toris*, 2012 WL 846460, *4 (C.D. Cal. 2012). Mr. Haithcox is seeking compensatory and punitive damages in addition to declaratory and injunctive relief. The proper course is to dismiss the equitable claims and stay the claims for damages. *See Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) ("district court properly dismissed . . . claims for declaratory and injunctive relief," but "claims for money damages should have been stayed until the state court proceedings are completed"); *Tomel v. Ross*, 2009 WL 3824742, at *3 (D.Haw. 2009) ("Claims for injunctive or declaratory relief are normally dismissed; claims for monetary damages may be stayed.").

### 2. Heck v. Humphrey

A stay of Mr. Haithcox's claims for monetary relief is also appropriate under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the

7

United States Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-487.

The United States Supreme Court in *Wallace v. Kato,* 549 U.S. 384 (2007), held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id.* at 1097-98 (quoting *Heck,* 512 U.S. at 486-87). The Court specifically rejected the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" stating that such a proposition goes "well beyond *Heck." Id.* at 1098 (italics in original). Thus, if a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id.* If the plaintiff is

then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id.*

### 3. Motion to Amend

Mr. Haithcox seeks to amend his Complaint to name County Attorney Leo Gallagher and Assistant County Attorney Melissa Broch. (Doc. 4.) He makes no allegations against these individuals. To the extent these individuals are named for "initiating a prosecution and in presenting the State's case" they are entitled to absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427, 431 (1976); *see also Burns v. Reed*, 500 U.S. 478, 487-91 (1991) (determining that the prosecutor was entitled to immunity because he was acting as an advocate at the time of the alleged wrong).

Mr. Haithcox failed to make any allegations against Mr. Gallagher or Ms. Broch and to the extent he seeks to bring claims for actions taken in initiating a prosecution and presenting the State's case, they are entitled to prosecutorial immunity. Therefore, the motion to amend is futile and will be denied.

## III. CONCLUSION

The Court must abstain from exercising jurisdiction over this action. As such, all of Mr. Haithcox's claims for injunctive and declaratory relief advanced against all Defendants should be dismissed without prejudice. The remainder of

Mr. Haithcox's claims seeking monetary damages against Defendants will be stayed until the state court proceedings against Mr. Haithcox are completed, including state appellate review in those proceedings.[1]  In light of this finding, the Emergency Motion to be Heard (Doc. 7) will be denied.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Mr. Haithcox's Motion to Amend (Doc. 4) is **DENIED.**

2. Mr. Haithcox's Emergency Motion to be Heard (Doc. 7) is **DENIED.**

3. This case is stayed pending resolution of the criminal charges against Mr. Haithcox.

4. Mr. Haithcox must file a report on the status of his criminal charges within six months of the date of this Order and every six months thereafter until the resolution of those charges.  If he desires to continue with this case after disposition of the criminal charges against him, he must request the stay be lifted within thirty days of disposition of the criminal charges, unless an appeal is filed.

---

[1]Because an order issuing a stay is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A) and is not dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, it is within the province of a magistrate judge's authority. *Touton, S.A. v. M.V. Rizcun Trader*, 30 F.Supp.2d 508, 510 (E.D. Pa.1998) ("[T]he Court finds that neither the grant of the stay of proceedings . . . , nor the lift of said stay, constituted 'injunctive relief' in excess of the Magistrate Judge's authority under § 636(b)(1)(A).").

If he appeals, any request to lift the stay must be filed within thirty days of completion of the appellate process.

5.  At all times during the pendency of this action, Mr. Haithcox shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATION

Mr. Haithcox's claims for injunctive and declaratory relief advanced against all Defendants should be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Haithcox may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 18th day of October 2016.

<u>/s/ John Johnston</u>
John Johnston
United States Magistrate Judge