IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TIMOTHY CRAIG HAITHCOX,<br><br>Plaintiff,<br><br>vs.<br><br>LEO DUTTON, ERIC GILBERTSON, ALAN HUGHES, DAN O'MALLEY, WILLIAM PANUS, and ARLEEN HIBBARD,<br><br>Defendants. | CV 16-00059-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Timothy Haithcox, a pretrial detainee proceeding in forma pauperis and without counsel, filed a Complaint alleging Defendants violated his constitutional rights by failing to preserve evidence in his criminal case. On October 18, 2016, this Court issued an Order staying this matter pending resolution of the criminal charges against Mr. Haithcox. (Doc. 8.) On March 27, 2017, Mr. Haithcox filed a notice with the Court indicating that he was found guilty on March 17, 2017. (Doc. 11).

Since he has now been convicted, Mr. Haithcox's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that to recover damages for an allegedly

1

unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-487.

Mr. Haithcox makes claims regarding actions whose unlawfulness would render his conviction invalid, i.e., the preservation of evidence. Since Mr. Haithcox has now been convicted, his claims are therefore barred pursuant to *Heck* and this case should be dismissed.

In light of the recommendation to dismiss this case, Mr. Haithcox's motion for the appointment of counsel will be denied.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Haithcox's Motion for Additional Information and Appointment of Counsel (Doc. 12) is DENIED.

2. At all times during the pendency of this action, Mr. Haithcox shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the

action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATION

1. This matter should be dismissed without prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Haithcox may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of April 2017.

                                        */s/ John Johnston*
                                        John Johnston
                                        United States Magistrate Judge