FILED

JUN 23 2017

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TIMOTHY CRAIG HAITHCOX,<br><br>Plaintiff,<br><br>vs.<br><br>LEO DUTTON, ERIC GILBERTSON, ALAN HUGHES, DAN O'MALLEY, WILLIAM PANUS, and ARLEEN HIBBARD,<br><br>Defendants. | CV 16–59–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John Johnston entered his Order, Findings and Recommendations on April 10, 2017, recommending dismissal of this matter. Plaintiff Timothy Haithcox ("Haithcox") filed an objection and is therefore entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Because the parties are

familiar with the factual background of this case, it will not be repeated here.

The Findings and Recommendations interpreted the Complaint as alleging that Defendants violated Haithcox's constitutional rights by failing to preserve evidence in his criminal case, i.e., the backpack. Because this claim would render his conviction invalid, the Findings and Recommendations found that it was barred by the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994). However, upon review of the objections, Haithcox clarifies that he is not attempting to attack the validly of his criminal conviction and, instead, is attempting to assert a separate civil action against Defendants where he contends that his rights were violated by the handling of the backpack. This assertion is supported by a letter from Haithcox's criminal attorney who states that though the handling of the backpack was raised as factual collateral support for various arguments raised during the criminal proceeding, no direct claims were raised concerning the backpack. (Doc. 14-1 at 1.)

Consequently, because Haithcox does not appear to be challenging his underlying conviction, and instead is bringing a separate civil action relating to Defendants' handling of the backpack, possibly under a claim for deprivation of property or a claim under the Fourth Amendment for illegal search and seizure, the Court will reject the Findings and Recommendations and refer the matter back to

Judge Johnston for further review.

Additionally, on June 16, 2017, Haithcox moved for a hearing regarding a perceived conflict of interest with Defendants' purported counsel, the Montana Association of Counties. Due to this alleged conflict of interest, Haithcox argues that the Montana Association of Counties should recuse themselves from this matter. The Court will deny this motion, however, because counsel for Defendants have yet to appear in this matter. Thus, if and when counsel for Defendants appear in this matter, Haithcox may renew his motion.

Accordingly, IT IS ORDERED that the Findings and Recommendations (Doc. 13) are REJECTED and this matter is referred back to Judge Johnston for further review.

IT IS FURTHER ORDERED that Haithcox's Motion for a Hearing (Doc. 15) is DENIED WITHOUT PREJUDICE.

DATED this 23rd day of June, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court